NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BRIAN FITZPATRICK and BORN ISLAM RUSH,<br><br>Defendants. | Crim. No. 09-174<br><br>**OPINION** |

THOMPSON, U.S.D.J.

     Petitioner Born Islam Rush ("Petitioner") is serving a 96-month term of imprisonment for one count of distribution and possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1). He now seeks a reduction of his sentence to reflect Amendment 782 to the United States Sentencing Commission Guidelines (the "Guidelines"). (ECF No. 52). Amendment 782, which went into effect on November 1, 2014 and has been applied retroactively, generated a two-level reduction for all base offense levels found in the drug quantity tables in Sections 2D1.1 and 2D1.11 of the Guidelines. Because the Court has already considered and denied Petitioner a sentence reduction under 18 U.S.C. § 3582(c)(2), and Petitioner has not shown that extraordinary circumstances apply, Petitioner's Motion for a sentence reduction will be denied under the law of the case doctrine.

BACKGROUND

     On March 12, 2009, Petitioner and a co-defendant, Brian Fitzpatrick, were charged by an indictment with distribution and possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841, among other charges. On January 24, 2011, Petitioner entered into a plea agreement with the United States, pleading guilty to a superseding

1

information charging the previously mentioned offense. Petitioner was sentenced that same day by Chief Judge Garrett E. Brown. Because the offense involved 90.2 grams of cocaine base, the base offense level for sentencing was 26, with a three-level reduction because of timely acceptance. The parties agreed that if Chief Judge Brown did not designate Petitioner as a career offender, that Petitioner would have an offense level of 23 (26 minus 3); but if Chief Judge Brown accepted the pre-sentence report's recommendation to designate Petitioner as a career offender, that Petitioner would have an offense level of 31 (34 minus 3).

At the sentencing hearing, Chief Judge Brown said, "I have reviewed the pre-sentence report, and while I think that I will accept it, I don't feel that he really is a career offender, to go from a 23 to a 31; criminal history category 6 yes." (Jan. 24, 2011 Tr. 21, ECF No. 48). Although Chief Judge Brown did not explicitly state that he was adopting the career offender designation, he then said that "I will therefore, vary, pursuant to the power that I have, and consider this as a[n] offense level of 23, criminal history category of 6," in consideration of the sentencing factors described in 18 U.S.C. § 3553(a). (*Id.*). The Guidelines recommend a sentence of 92-115 months at this level, and Chief Judge Brown sentenced Petitioner to 96 months, within the Sentencing Guidelines for an offense at level 23. The United States Probation Office's Report of Sentence indicated that the total offense level was a 31, that Petitioner was a career offender, and that the Court imposed a variance below the guideline range. (U.S. Probation Office Report of Sentence, ECF No. 50).

On November 5, 2014, Petitioner filed a Motion pursuant to 18 U.S.C. § 3582(c)(2) to appoint counsel to seek to reduce his sentence based on Amendment 782. The Court characterized this request as a motion for reduction in sentence, and referred Petitioner's Motion to the Office of the Public Defender. The Office of the Public Defender reviewed the record and

found Petitioner to be ineligible for relief under 18 U.S.C. § 3582(c)(2) because of his designation as a career offender. Considering this, the Court denied Petitioner a reduction of sentence under § 3852(c)(2) on July 29, 2015. (ECF No. 46). On August 31, 2015, Petitioner filed a Motion for Reconsideration, arguing that the Court mischaracterized his request to appoint counsel as the actual Motion for sentence reduction. (ECF No. 47). On September 18, 2015, in response to the Motion for Reconsideration, the Court requested that the Office of the Public Defender explain the basis for its determination that Petitioner was ineligible for a sentence reduction under § 3852(c)(2) and address Petitioner's claim that he was not a career offender. (ECF No. 49).

In a response dated September 22, 2015, the Office of the Public Defender noted that all of the documents from sentencing supported the career offender designation, including Chief Judge Brown's statement in the sentencing transcript that he would adopt the recommendation of the pre-sentence report as well as the United States Probation Office's Report of Sentence. (*See* Letter from Alison Brill, Office of the Public Defender, to Judge Anne E. Thompson (Sept. 22, 2015), ECF No. 50). Given the career offender designation as reflected in all of the sentencing documents, the Office of the Public Defender confirmed that Petitioner was sentenced as a career offender and was not eligible for a sentence reduction under 18 U.S.C. § 3852(c)(2). (*Id.*).

As the Office of the Public Defender described, defendants sentenced as career offenders do not benefit from changes in the drug laws. For a defendant to be eligible for a sentence reduction under § 3582(c)(2), the guideline amendment must lower the defendant's applicable guideline range. The Guidelines define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to U.S.S.G. § 1B1.1(a), which is determined before consideration of any departure provision in the

Guidelines manual or any variance." U.S. Sentencing Guidelines § 1B1.10, cmt. (n.1(A)) (U.S. Sentencing Comm'n 2015). Amendment 782 lowered offense levels for those sentenced under the drug quantity tables in U.S. Sentencing Guideline §§ 2.D1.1 and 2.D.1.11. But as described in more detail in the Discussion, Petitioner's guideline range was determined by the career offender guideline range found in U.S. Sentencing Guidelines § 4B1.1, not the drug quantity table found in § 2D1.1. Therefore, the changes that Amendment 782 made to § 2D1.1 did not impact Petitioner's sentence determination. *See United States v. Ware*, 694 F.3d 527 (3d Cir. 2012) (holding that a sentencing guideline amendment for crack cocaine offenses did not apply to defendants sentenced on the basis of variances from the career offender guideline range); *United States v. Barney*, 672 F.3d 228 (3d Cir. 2012) (defendant's applicable guideline range was the range dictated by the career offender guidelines, not his post-U.S. Sentencing Guidelines § 4A1.3 departure range, thus making him ineligible for relief under § 3582(c)(2)).

In light of the above, the Court found that Petitioner failed to identify any grounds for disturbing the Court's July 29, 2015 Order, and the Court denied Petitioner's Motion for Reconsideration. (ECF No. 51). On October 22, 2015, Petitioner filed a Motion for a sentence reduction, again arguing that the Court mischaracterized his earlier request for the appointment of counsel as an actual Motion for a sentence reduction, and asking the Court to reconsider denying him relief under § 3852(c)(2). This Motion is presently before the Court.

## DISCUSSION

A. Legal Standard

Petitioner moves a second time for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) because of changes to the Guidelines revising base offense levels. Section 3582(c)(2) authorizes the District Court to reduce a sentence if "such a reduction is consistent

4

with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. 3582(c)(2). The applicable policy statement, § 1B1.10(a), provides that if "the guideline range applicable to th[e] defendant has . . . been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below," a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). U.S. Sentencing Guidelines § 1B1.10(a)(1) (U.S. Sentencing Comm'n 2015).

   B.  Analysis

Petitioner argues that he is entitled to a sentence reduction pursuant to § 3582(c)(2) in this motion. Petitioner, however, is procedurally barred from bringing this motion because of the law of the case doctrine.

The law of the case doctrine "directs courts to refrain from re-deciding issues that were resolved earlier in the litigation." *Pub. Interest Research Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997); *see also United States v. Tykarsky,* 295 F. App'x 498, 499 (3d Cir. 2008) (applying the law of the case doctrine in a criminal matter). Specifically, the law of the case doctrine precludes defendants from re-litigating challenges to their sentences in successive § 3582(c)(2) motions. *United States v. Cobb*, 432 F. App'x 76, 79 (3d Cir. 2011); *see also United States v. Lopez,* 296 F. App'x 922, 923 (11th Cir. 2008). Here, the Court has already considered and denied a sentence reduction for Petitioner under § 3582(c)(2), and so absent extraordinary circumstances, the Court is bound by the law of the case.

The law of the case doctrine does not apply when there are extraordinary circumstances. These include circumstances where: "(1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision is clearly erroneous and would create manifest

injustice." *In re City of Phila. Litig.,* 158 F.3d 711, 718 (3d Cir. 1998) (internal citation omitted). Here, Petitioner does not fit into any of the extraordinary circumstances providing an exception to the law of the case doctrine, and therefore his motion for a reduction in sentence will be denied.

First, Petitioner presents no new evidence that would affect his sentence. The only relevant evidence Petitioner cites in his Motion for a reduction in sentence is the transcript of the sentencing hearing.[1] (*See* Pet'r's Mot. for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) 6-9, ECF No. 52). But both the Court and the Office of the Public Defender already considered this evidence in reviewing Petitioner's eligibility for a reduction in sentence under § 3582(c)(2). (*See* Letter from Alison Brill, *supra*). Therefore, this evidence is not new. Second, no new supervening law has been announced.

Finally, Petitioner has not shown that the earlier decision is clearly erroneous and would create manifest injustice. Petitioner first objects to the fact that the Court recharacterized his motion to appoint counsel to seek a reduction in sentence as a motion for a reduction in sentence. Petitioner claims that this recharacterization violated his right under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), to receive notice and have the opportunity to withdraw a mislabeled motion or petition before the motion is mischaracterized to his detriment. (Pet.'s Mot. for Recons. 3-4, ECF No. 47). But Petitioner interprets *Miller* too broadly. *Miller* limits the right to receive notice and an opportunity to withdraw a petition to applications for a writ of habeas corpus filed under 28 U.S.C. § 2255, out of a special concern for the strict limits that the

---

[1] Petitioner also asks the Court to consider his rehabilitation efforts. (Pet'r's Mot. for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) 9, ECF No. 52). While the Court finds these efforts commendable, they are not relevant to a Motion for reduction of sentence under § 3582(c)(2).

6

Antiterrorism Effective Death Penalty Act ("AEDPA") placed on § 2255 motions. *Miller* "do[es] not require district courts, as here, to make a searching inquiry before treating a letter a[s] something *other than* a § 2255 motion." *U.S. v. Peppers*, 482 F. App'x 702, 704 (3d Cir. 2012). Because Petitioner filed a motion for a reduction in sentence under § 3582(c)(2), rather than a habeas corpus petition under § 2255, *Miller* does not apply. The Court therefore did not err in recharacterizing Petitioner's motion.

Nor did the recharacterization create a manifest injustice. The Court notes that had it simply granted Petitioner's request to appoint counsel, Petitioner's case would have followed the same trajectory and would have resulted in the same outcome: the request would have been directed to the Office of the Public Defender, who would have screened Petitioner's claim and found him ineligible for a sentence reduction. Petitioner's case received the same level of review and consideration that it would have received had he initially filed a more substantive motion for sentence reduction.

Petitioner also argues that the Court erred in denying his Motion for a reduction in sentence because the Court misinterpreted Petitioner's sentencing to find that Petitioner was sentenced under the career offender guideline range, and thus ineligible for sentence reduction. Petitioner argues that he was not sentenced under the career offender guideline range because the career offender guidelines would give a base offense level of 37, not 34, the level that the Court used in the sentencing hearing. (Pet'r's Mot. for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) 7, ECF No. 52). However, a base offense level of 34 is consistent with the statutory maximum for Petitioner's charge under 21 U.S.C. §§ 841(b)(1)(B). Section 841(b)(1)(B) has a statutory maximum of forty years unless death or serious injury results, resulting in an offense statutory maximum of "25 years or more" and a

corresponding offense level of 34.  *See* U.S. Sentencing Guidelines Manual § 4B1.1(b) (U.S. Sentencing Comm'n 2010).  Because Petitioner's violation did not involve death or serious injury, which has a statutory maximum of life under § 841(b)(1)(B), the offense statutory maximum would not rise to offense level 37, as Petitioner attests.  Moreover, Chief Judge Brown said that he was varying in sentencing Petitioner at level 23, and he sentenced Petitioner within the sentencing guidelines for a level 23 offense (96 months, within the 92-115 month range).  If Chief Judge Brown had not sentenced Petitioner as a career offender, the sentence that he gave would not have been a variance.  Considering these facts, the Court did not err in determining that Petitioner was sentenced under the career offender guideline range, nor did the Court err in denying Petitioner's original motion for a reduction in sentence.

For these reasons, Petitioner does not meet any of the extraordinary circumstances that would provide an exception to the law of the case doctrine, and his motion is precluded.

## CONCLUSION

For the reasons stated above, Petitioner's Motion for a sentence reduction pursuant to § 3582(c)(2) will be denied.  An appropriate order follows.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.