PROB 12A
(7/93)

# United States District Court
## for
## District of New Jersey
## Report on Offender Under Supervision

Name of Offender: Born Islam Rush                    Cr.: 09-00174-002
                                                     PACTS #: 54538

Name of Sentencing Judicial Officer:   THE HONORABLE ANNE E. THOMPSON
                                       SENIOR UNITED STATES DISTRICT JUDGE

Date of Original Sentence: 01/24/2011

Original Offense:   Count One: Distribution and Possession with Intent to Distribute 5 Grams or More of Cocaine Base, a Class A felony

Original Sentence: Imprisonment - 96 months, Supervised Release – 4 years

Special Conditions: Substance Abuse Testing, Alcohol Treatment, Drug Treatment, Special Assessment, Fine, Mental Health Treatment, Alcohol Restrictions, Reentry Center-Full-Time – 90 days (modified as of April 10, 2020 to Home Incarceration Until April 30, 2020)

**Violation of Supervised Release** (01/28/2020): Pled Guilty to commission of a new crime, Supervised Release Revoked, Imprisonment – Time Served, followed by 3 years of Supervised Release. As an added Special Condition, the defendant is ordered to serve 3 months in a Residential Reentry Center

Type of Supervision: Supervised Release                Date Supervision Commenced: 02/27/2020

## NONCOMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

Violation Number        Nature of Noncompliance

1.                      The defendant has violated the special supervision condition which states. 'You must not communicate, or otherwise interact with son's mother, M.P., either directly or indirectly, without first obtaining the permission of the U.S. Probation Office. This includes, but is not limited to, contact through a third person, personal visits, letters, communication devices, audio or visual devices, or social networking sites.'

                        On May 1, 2020, Born Rush communicated indirectly with his son's mother, M.P. in violation of the above-imposed special condition. Specifically, in a text message that he wrote to his 15 year old son, he stated, "Can u tell ya mom I need my credit cards." In response, his son texted back, "She said 'Tell him I said that he has to start over and get everything on his own, he ruined my life and pushed me into a deeper depression and to please never talk to me or deliver any messages to me through you.'" In response, Rush then texted, "So where are the cards ask her."

Prob 12A – page 2
Born Islam Rush

2. The defendant has violated the special supervision condition which states. '**You shall refrain from the illegal possession and use of drugs, including prescription medication not prescribed in your name, and the use of alcohol, and shall submit to evaluation and treatment, on an outpatient or inpatient basis, as approved by the U.S. Probation Office. You shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged by the Court. You shall alert all medical professionals of any prior substance abuse history, including any prior history of prescription drug abuse. The probation officer shall supervise your compliance with this condition.**' '

On April 30, 2020, Born Rush was instructed to, and did report to Trinitas Hospital in Elizabeth, New Jersey, where he attends substance abuse treatment sessions (currently telemed sessions with in-person urinalysis drug testing as instructed). The purpose of the visit was to report for a random urinalysis drug screening test. On May 1, 2020 the test result was received and reported back to the probation officer that it was positive for the presence of alcohol (ETG). Upon being confronted by the counselor, Rush acknowledged that he had "two shots of alcohol after his (ankle) bracelet was removed.

U.S. Probation Officer Action:

Mr. Rush was admonished by the undersigned officer for the above instances of non-compliance. He was informed that all non-compliance will be reported to the Court and he should avoid any further instances of such. He offered excuses for his conduct, insomuch as he stated that M.P. was "maxing out (his) credit cards," so he felt he needed to get them back (a claim she has denied). As for the alcohol consumption, he claimed to have had two shots of alcohol in a celebratory fashion for having completed his home incarceration period. He was counseled by the therapist that while relapse is part of recovery, he is in violation of his court order by consuming alcohol and that he is not allowed to consume alcohol while in the program. Rush will continue to be closely monitored in the community and will continue to be required to submit to random urinalysis testing. We are requesting that no formal court action be deemed necessary at this time. Mr. Rush has been notified that any further instances of non-compliance will be immediately reported to the Court and that court intervention would likely be required should such occur.

Respectfully submitted,

*Carolyn M. Stevens/sa*
By: Carolyn M. Stevens
Senior U.S. Probation Officer
Date: 05/06/2020

Prob 12A – page 3
Born Islam Rush

*Please check a box below to indicate the Court's direction regarding action to be taken in this case:*

☑ No Formal Court Action to be Taken at This Time (as recommended by the Probation Office)

☐ Submit a Request for Modifying the Conditions or Term of Supervision

☐ Submit a Request for Warrant or Summons

☐ Other

*Anne E. Thompson*
Signature of Judicial Officer

5/6/2020
Date